Filed 8/3/16  P. v. Moore CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B268485 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA136315) |
| v. | |
| REESE DURON MOORE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John Cheroske, Judge.  Affirmed.

Maureen L. Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Reese Duran Moore was charged in an information with two counts of attempted willful, deliberate and premeditated murder (Pen. Code,[1] §§ 187, 664 [counts 1 & 2]) to benefit a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C), and two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1) [counts 3 & 4]) to benefit a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(A). As to counts 1 and 2, it was specially alleged that Moore had personally discharged a firearm causing great bodily injury (§ 12022.53, subds. (b)-(d)) and had suffered one prior serious or violent felony conviction under the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12) and section 667, subdivision (a)(1). Moore pleaded not guilty to the charges and denied the special allegations.

On September 25, 2015, Moore agreed to plead no contest to one count of attempted murder (count 1) and to admit the section 12022.53, subdivision (c) firearm-use allegation. At the time he entered his plea, Moore was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Moore's counsel joined in the waivers of his constitutional rights. The trial court expressly found Moore's waivers, plea and admission were voluntary, knowing and intelligent.

The court sentenced Moore in accordance with the negotiated plea agreement to an aggregate state prison term of 29 years consisting of the upper term of nine years for attempted murder and 20 years for the firearm-use enhancement. The remaining counts and special allegations were stricken pursuant to the negotiated agreement, including the allegation the attempted murder (count 1) was willful, deliberate and premeditated. The court awarded presentence custody credit of 288 days and ordered Moore to pay statutory fines, fees and assessments.

Moore filed a timely notice of appeal in which he checked the preprinted box indicating his appeal was based on "the sentence or other matters occurring after the plea." Moore did not seek a certificate of probable cause.

We appointed counsel to represent Moore on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised.

---

[1] Statutory references are to the Penal Code.

On March 28, 2016, we advised Moore he had 30 days within which to personally submit any contentions or issues he wished us to consider. On April 8, 2016, we received a two-page hand-printed supplemental brief in which Moore argued his trial counsel was constitutionally ineffective in failing to advise him of exculpatory evidence, providing him with false information and pressuring him to plead guilty.

Moore's claims are not cognizable on appeal. A criminal defendant who appeals following a plea of no contest or guilty without obtaining a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) Moore did not file a motion to suppress evidence; and the record fails to demonstrate Moore's trial counsel rendered ineffective assistance at any time during the proceedings. (*Strickland v. Washington* (1984) 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674].) With respect to other potential sentencing or post plea issues for which no certificate of probable cause is required because they do not in substance challenge the validity of the plea (Cal. Rules of Court, rule 8.304(b)(4)(B)), we have examined the entire record and are satisfied Moore's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


ZELON, J.


We concur:



PERLUSS, P. J.                          SEGAL, J.


3